IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHELLE HOGQUIST,<br><br>                Plaintiff,<br><br>    vs.<br><br>MERCY HOSPITAL, ANOKA COUNTY POLICE DEPARTMENTS, ANOKA COUNTY SHERIFFS OFFICE, ANOKA COUNTY DISTRICT COURTS & OFFICES, and ANOKA COUNTY PUBLIC DEFENDERS OFFICE,<br><br>                Defendants. | **8:21CV302**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on Petitioner Michelle Hogquist's Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (filing 1) and Motion for Leave to Proceed in Forma Pauperis (filing 2). Habeas corpus cases attacking the legality of a person's confinement require the payment of a $5.00 filing fee. 28 U.S.C. § 1914(a). However, after considering Hogquist's financial status as shown in her motion, the court will grant leave to proceed in forma pauperis and Hogquist is relieved from paying the filing fee. *See* 28 U.S.C. § 1915(a)(1).

      Hogquist utilized the Form AO 242 Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 for her petition and alleges she is confined at "Northwood Battered Women's Shelter" in Bemiji, Minnesota. (Filing 1 at CM/ECF p. 1.) Hogquist checked the box on the form indicating she is "currently being held on orders by: . . . Other" and explained she is "RPR'd[1] w[ithout] place of address or redress of wrongs regarding False Imprison[ment,] Malicious Prosecution &

---

[1] The court understands "RPR" to mean "Released on Personal Recognizance."

Extortion related to MN criminal cases 02CR187078; 02CR187802; 02CR1940." (*Id*.) She also marked the boxes indicating that she is currently a "pretrial detainee," "[s]erving a sentence" imposed by the "Anoka County District Court," and "[o]ther."[2] (*Id*.) Hogquist's petition is difficult to decipher, but, as best the court can tell, she is challenging convictions and/or ongoing criminal proceedings in the Anoka County District Court in Minnesota[3] and seeks, *inter alia*, dismissal of "all four trespass cases on absolute innocence for -7078 & -7802." (*Id*. at CM/ECF p. 7 (capitalization in original omitted).)

Under 28 U.S.C. § 2241(a), "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge *within their respective jurisdictions*." 28 U.S.C. § 2241(a) (emphasis added). In a habeas corpus proceeding where the petitioner seeks to challenge her present physical custody, jurisdiction lies in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). A district court's habeas jurisdiction also extends to those cases where the "custodian can be reached by service of process . . . even if the prisoner himself is confined outside the court's territorial jurisdiction." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1972). Moreover, pursuant to 28 U.S.C. § 2241(d), "a federal district court located in a state having at least two judicial districts may still entertain a petition for a writ of habeas corpus even though neither the prisoner nor the custodian is located within the boundaries of the district court; provided, however, that the state court which convicted and sentenced the prisoner is located within the boundaries of the district

---

[2] Hogquist explains that "Other" means "Trespass to Chattels, released under adversary control & rendered to claims on adversary behalf and/or Police enforced 'trespassing' arrests since 09/19/2018 with grounds to Trespass to Try Title or Estates of Darlene West Anoka County Civil Case #02-11-206." (Filing 1 at CM/ECF p. 1 (spelling corrected).)

[3] Hogquist attached approximately 40 pages of documents to her petition which include various Minnesota state court records. At least one of the cases Hogquist is challenging, 02-CR-18-7078, appears to be ongoing based on the attached records. (Filing 1 at CM/ECF p. 10.)

court." *Stoner v. Missouri*, No. 4:07-CV-1538 DJS, 2007 WL 2609887, at *1 (E.D. Mo. Sept. 5, 2007) (citing 28 U.S.C. § 2241(d)).

Here, Hogquist is not in custody in Nebraska, and she is not challenging a conviction or sentence issued by a Nebraska state court. Therefore, this court does not have jurisdiction to entertain Hogquist's petition.

Section 1631 of Title 28 permits the court to transfer an action, in the interest of justice, to any other court where the action could have been brought. 28 U.S.C. § 1631. Hogquist challenges convictions and/or ongoing criminal proceedings in a state court within the District of Minnesota, and her present "confinement" is within the District of Minnesota. Therefore, in the interest of justice, the court will transfer this case to the United States District Court for the District of Minnesota.

The court expresses no opinion about whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*.[4]

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Leave to Proceed in Forma Pauperis (filing 2) is granted.

2. This case is transferred to the United States District Court for the District of Minnesota. This case is terminated in this district.

---

[4] Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* allows a district court to apply Rule 4 of those rules to a section 2241 action. *See also* 28 U.S.C. § 2243.

3. The Clerk of Court is directed to take all necessary steps to transfer this matter to the United States District Court for the District of Minnesota.

Dated this 20th day of August, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge